**UNITED STATES of America, Plaintiff,**

v.

**Daniel RODRIGUEZ and Felix Gonzalez, Defendants.**

**No. 84–793–CR–KING.**

United States District Court, S.D. Florida.

July 19, 1985.

Gary H. Nunes, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Steven H. Haguel, Miami, Fla., for defendants.

ORDER GRANTING GOVERNMENT'S MOTION FOR RECONSIDERATION: UPON RECONSIDERATION, THIS COURT'S ORDER OF JUNE 25, 1985, IS VACATED AND THE MAGISTRATE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO SUPPRESS IS HEREBY REVERSED

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before this Court upon the Government's motion for reconsideration of this Court's order of June 25, 1985, wherein the Magistrate's report and recommendation granting the defendants' motion to suppress was approved and adopted. However, in light of two recent Eleventh Circuit opinions on the issue of standing, which were rendered subsequent to defendants' motion to suppress hearing, this Court finds that its order of June 25

must be vacated and the Magistrate's report and recommendation reversed.

In light of *United States v. Sarda-Villa*, 760 F.2d 1232 (11th Cir.1985) and *United States v. Lopez*, 761 F.2d 632 (11th Cir. 1985), the issue before the Court is whether defendants established standing—and thus a reasonable expectation of privacy in the hidden compartment, at the motion to suppress hearing before Chief U.S. Magistrate Peter R. Palermo on March 11, 1985.

### Factual Background

On November 8, 1984, at approximately 11:30 at night, the defendants were attempting to pull defendant Gonzalez' 21' pleasure boat from the water at the Dinner Key boat ramp. It was at this time that certain events transpired which led Customs officers Alaimo and Maschi to board the boat. Once on board, Alaimo viewed the cabin area of the boat and it was at this time that he smelled a very strong odor of fiberglass. After viewing the storage area compartment in the cabin, he observed what appeared to be recent fiberglass work on the inner wall of the storage compartment. After asking defendant Rodriguez to ask defendant Gonzalez if they had had any, or had done any, recent fiberglass work on the boat, whereupon defendant Rodriguez responded "No, they had not," officer Maschi then confirmed Alaimo's observations. At this time the officers began breaking the interior wall of the storage compartment and, upon breaking the wall, they could see and smell marijuana.

### Reasonable or Justifiable Expectation of Privacy Defined

As the Government suggests, based on the case law at the time the defendants' argued at the motion to suppress hearing that the requisite standing had been met since (1) they had a legitimate right to be on board the boat, (2) they held a possessory interest in the marijuana, and (3) they had an expectation of privacy due to the fact that the marijuana was in the hidden compartment for the sake of privacy, the Magistrate granted the motion to suppress.

However, in light of *Sarda-Villa* and *Lopez*, the Government has withdrawn its concession that the defendants' had established standing and now asserts otherwise.

In *Sarda-Villa*, the Eleventh Circuit reemphasized the Supreme Court's decision in *New Jersey v. T.L.O.*, — U.S. —, —, 105 S.Ct. 733, 742, 83 L.Ed.2d 720 (1985), that a defendant's subjective expectations of privacy are not protected under the Fourth Amendment when unreasonable or otherwise illegitimate. Consequently, in order to properly allege standing, two conditions precedent must be met before the Court finds that the expectation of privacy is reasonable or justifiable: "(1) an actual or subjective expectation by the defendant; and (2) the expectation is one that 'society is prepared to recognize as reasonable.' *Hudson v. Palmer*, — U.S. —, —, 104 S.Ct. 3194, 3199, 82 L.Ed.2d 393 (1984) (quoting *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d [576], 579 (1967)." *Sarda-Villa*, 760 F.2d at 1236.

Although the defendants have satisfied the first condition by asserting an expectation of privacy in the hidden compartment, the Court finds the second condition unsatisfied since

society [is not] prepared to recognize a justifiable expectation of privacy soley on the basis of [defendants] efforts to secret the contraband. Drug smugglers can not assert standing soley on the basis that they hid the drugs well and hoped no one would find them.

*Sarda-Villa*, 760 F.2d at 1236–37. Likewise, in *Lopez*, the Eleventh Circuit held that

[a] secret compartment constructed within the confines of the hull of the ship is totally unlike a personal dufflebag or footlocker in terms of the uses to which it may be put, and the expectations of exclusive control to which it gives rise. We cannot imagine that society would recognize a reasonable expectation of privacy in the use of 'dead space' in the hull of a ship, sealed with permanent fiber-

glass and painted to match the surrounding surfaces, for the legitimate storage of personal items.

*Lopez*, 761 F.2d at 636.

For the aforementioned reasons, the Court finds that standing being absent, it is

ORDERED and ADJUDGED that the Government's unopposed motion for reconsideration be, and it is hereby, GRANTED. Upon this Court's reconsideration of its order of June 25 in light of *Sarda-Villa* and *Lopez*, it is

ORDERED and ADJUDGED that this Court's order of June 25 be, and it is hereby, VACATED and, accordingly, the Magistrate's report and recommendation is hereby REVERSED and the defendants' motion to suppress is hereby DENIED.

DONE and ORDERED in chambers at the United States Courthouse, Federal Courthouse Square, Miami, Florida, this 19th day of July, 1985.